Leonard H. Stone
Nevada Bar No. 5791
**SHOOK & STONE, CHTD.**
338 Ryland Street
Reno, Nevada 89501
Tel: 775-323-2200
lstone@shookandstone.com

Austin Tighe*
Michael Angelovich*
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, Texas 78746
Tel: 512-328-5333
atighe@nixlaw.com
mangelovich@nixlaw.com

Adam J. Levitt*
Mark Hamill*
Brittany Hartwig*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Peter Schneider*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
3700 Buffalo Speedway, Ste. 1100
Houston, Texas 77098
Tel: 713-338-2560
pschneider@schneiderwallace.com

*Attorneys for Plaintiff*

* *Pro Hac Vice* applications to be filed

(*Additional Counsel Appear on Signature Block*)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**NORTH DIVISION**

| | |
|---|---|
| CITY OF RENO, NEVADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>Defendants. | Case No.:<br><br>Judge:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff City of Reno, Nevada, individually and on behalf of all others similarly situated (the "Class," as more fully defined below), brings this class action against Defendants Netflix, Inc. and Hulu, LLC (collectively "Defendants"). Plaintiff makes the following allegations upon personal knowledge as to its own acts, upon information and belief and its attorneys' investigation as to all other matters, and alleges as follows:

## I. INTRODUCTION

1. Defendants provide video service in Nevada cities and counties. When doing so, they use wireline facilities (*i.e.*, broadband wireline facilities) located at least in part in public rights-of-way.

2. Accordingly, Defendants should be and are required by law to pay each of those cities or counties a franchise fee of up to 5% percent of their gross revenue, as derived from their providing video service in that city or county.

3. Defendants have failed to pay the required fee, necessitating this lawsuit, and entitling Plaintiff and the other Class members to the relief requested herein.

## II. PARTIES

4. Plaintiff, City of Reno, Nevada ("Reno") is a lawfully existing Nevada municipal corporation located in Washoe County, Nevada.

5. Defendant Netflix, Inc. ("Netflix") is a Delaware corporation, headquartered in Los Gatos, California. Netflix's primary business is its video service, which offers online streaming of a library of films and television programs, as well as the distribution and production of original films and television series. Netflix does business in Reno, Nevada and has done so at all times relevant to this action.

6. Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company, headquartered in Santa Monica, California. Hulu's primary business is its video service, which offers online streaming of live video programming and a library of films and television programs, as well as the distribution and production of original films and television series. Hulu does business in Reno, Nevada, and has done so at all times relevant to this action.

## III. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Defendants are citizens of a state different from that of Plaintiff and all of the other Class members and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Venue is proper in this District, and this Court has personal jurisdiction over Defendants, pursuant to 18 U.S.C. § 1965(a) and 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this District, and because Defendants "transact affairs" in this District; each Defendant continuously and systematically engaged in and continues to engage in business in this District.

## IV. FACTUAL ALLEGATIONS

9. Defendants provide video service to their subscribers to view television shows, movies, documentaries, and other programming.[1] They compete with other video service providers,[2] offering video programming that is comparable to that provided by cable companies and television-broadcast stations.

10. Customers view Netflix's and Hulu's video programming—such as television shows, movies, and documentaries—using an Internet-connected device. Internet-connected devices are electronic devices that have software enabling them to deliver Defendants' video programming, including smart televisions, streaming media players like Roku or Apple TV, smartphones, tablets, video game consoles, set-top boxes from cable and satellite providers, Blu-ray players, and personal computers.

11. When a subscriber wants to watch Netflix or Hulu video programming, he or she uses an Internet-connected device to send a request to the Internet-service provider. The Internet-service provider then forwards that request to Netflix's and Hulu's dedicated Internet servers, which, in turn, provide a response. This response is then relayed back to the

---

[1] "Video service" means the "provision of multichannel video programming generally considered comparable to video programming delivered to viewers by a television broadcast station, cable service, or digital television service, whether provided as part of a tier, on-demand or on a per-channel basis, without regard to the technology used to deliver the video service, including Internet protocol technologies" with certain exceptions not applicable here. N.R.S. § 711.141.

[2] "Video service provider" means in relevant part a "[a] multichannel video programming distributor." N.R.S. § 611.151(c). A "multichannel video programming distributor" in turn "has the meaning ascribed to it in 47 U.S.C. § 522, as that section existed on January 1, 20007." 47 U.S.C. § 522 defines this term to mean "a person such as, but not limited to, a cable operator, a multichannel multipoint distribution service, a direct broadcast satellite service, or a television receive-only satellite program distributor, who makes available for purchase, by subscribers or customers, multiple channels of video service."

subscriber's device, and Netflix and Hulu deliver the video programming via Internet protocol technology (*i.e.*, broadband wireline facilities located at least in part in public rights-of-way).

12. During the relevant time period, Netflix has used a content delivery network called Netflix Open Connect to deliver 100% of its video traffic to its subscribers. When a Netflix subscriber wants to view Netflix programming, the subscriber's Internet service provider will connect the subscriber to the closest Netflix Open Connect server offering the fastest speeds and best video quality.

13. According to Netflix, that means that most of its subscribers receive Netflix's video programming from servers either inside of, or directly connected to, the subscriber's Internet service provider's network within their local region. Netflix has "end-to-end" control of its entire Open Connect system, including any servers located in Reno and other Nevada municipalities.

14. Similar to Netflix, when a Hulu subscriber wants to view Hulu's video programming, the subscriber's Internet service provider will connect the subscriber to the Hulu server. Hulu receives the directive and checks the subscriber's entitlement, the location, and the content availability. It then delivers the program through the Internet to the subscriber's Internet-connected device.

15. Defendants' subscribers typically use a broadband Internet connection, such as DSL or fiber optic cable to receive Defendants' programming. In Reno, common providers include AT&T and Spectrum Broadband. These broadband Internet connections rely upon wireline facilities located in whole or in part in the public right(s)-of-way to deliver Internet service to subscribers. That means that Defendants operate and provide their video service to Defendants' subscribers through wireline facilities located at least in part in the public right-of-way.

16. As video service providers, Defendants were required to apply for and obtain a certificate of authority from the Secretary of State of Nevada for the areas in which they sought to provide video service before providing that service in those areas. N.R.S. §§ 711.470 and 711.510.

17. Defendants failed to apply for, and therefore never received, certificates of authority from the Nevada Secretary of State and therefore have been and continue to provide video service throughout Nevada without legal authorization, and in contravention of Nevada law.

18. The Nevada Secretary of State would have authorized video service providers such as Defendants to use public rights-of-way, as long as said video service provider makes a franchise fee payment to each local government in whose jurisdiction it provides video service. The required franchise fee is up to 5% of gross revenues received by the video service provider from the provision of video services in the jurisdiction of the local government. *See* N.R.S. § 711.670.

19. Defendants were required to receive a certificate of authority from the Nevada Secretary of State before providing video service in Reno and the other Nevada cities and counties in which they provide their video services. Defendants' failure to receive a certificate of authority, however, did not relieve Defendants of the obligation to pay a franchise fee of up to 5% of their gross revenues derived from providing such video service in those cities and counties.

20. Defendants have failed to comply with § 711.470 because they have failed to receive certificates of authority, directly resulting in the failure to pay Plaintiff and the other Class members the required franchise fee of up to 5% of gross revenues.

21. Plaintiff Reno, individually and on behalf of other Nevada cities and counties, seeks to require Defendants to abide by Nevada law, and pay what they owe to these cities and counties.

## V.  CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action pursuant to Rules 23(a) and 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class defined as:

> **All Nevada cities and counties in which one or more of the Defendants has provided video service (the "Class").**

23. Excluded from the Class are Defendants and any of their members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

24. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

25. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The proposed Class is sufficiently numerous that individual joinder of all Class members is impracticable. Nevada has nineteen cities and seventeen counties. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

26. **Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting only individual Class members, including, without limitation:

   a. Whether Defendants provide video service, as defined by N.R.S. § 711.141, within Plaintiff's and the other Class members' geographic areas;

   b. Whether Defendants are video service providers, as defined by N.R.S. § 711.151.

   c. Whether Defendants were required to obtain certificates of authority from the Nevada Secretary of State before proving video service in Nevada;

   d. Whether Defendants' failure to obtain certificates of authority from the Nevada Secretary of State relieved Defendants of their obligation to pay franchise fees pursuant to N.R.S. § 711.670;

   e. The appropriate measure of damages to award Plaintiff and the other Class members; and

   f. The appropriate declaratory relief to which Plaintiff and the other Class members are entitled.

27. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and each of the other Class members is entitled to franchise fee payments from Defendants pursuant to N.R.S. § 711.670, and Defendants have failed to pay Plaintiff and each of the other Class members those franchise

fees. Plaintiff is asserting the same claims and legal theories individually and on behalf of the other Class members.

28. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because its interests do not conflict with the interests of the other Class members who it seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where defendants breached statutory obligations, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and its counsel.

29. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendants acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and/or declaratory relief, as described below, with respect to the Class members.

30. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### VIOLATION OF NEVADA REVISED
### STATUES § 711.670

31. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-30, as if fully set forth herein.

32. Defendants provide video service, and are video service providers, in Reno and each city and county comprising the Class. *See* N.R.S. §§ 711.141 and 711.151. Defendants derive gross revenues from providing these video services.

33. Defendants are thus required, by statute, to pay each city and county in which they provide video service a franchise fee of up to 5% of their gross revenues derived from their operations in that city or county. *See* N.R.S. § 711.670. Failure to receive the required certificate of authority from the Nevada Secretary of State does not excuse Defendants' obligation to make these payments.

34. Defendants have failed to comply with § 711.670 because they have failed to pay Plaintiff and the other Class members a franchise fee of up to 5% of gross revenues, as required.

35. Plaintiff and the other Class members are, therefore, entitled to damages as a result of Defendants' violations of N.R.S. § 711.670, along with pre- and post-judgment interest, in an amount to be determined at trial.

## COUNT II
## DECLARATORY JUDGMENT ACT

36. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1-30, as if fully set forth herein.

37. This case involves an actual controversy of sufficient immediacy, which is substantial and concrete, touches upon the legal relations of parties with adverse interests, and is subject to specific relief through a decree of conclusive character.

38. Pursuant to 28 U.S.C. §§ 2201-2202, Plaintiff seeks a declaration, and resulting order, from the Court that:

   a. Each Defendant provides "video service," as that term is defined in the Nevada Revised Statutes. *See* N.R.S. § 711.141;
   b. Each Defendant is a "video service provider," as that term is defined in the Nevada Revised Statutes. *See* N.R.S. § 711.151;
   c. Defendants provide video service, and are video service providers, in Reno and each city and county in the Class. *See* N.R.S. § 711.141 and 711.151.
   d. Defendants were required to receive certificates of authority from the Nevada Secretary of State before providing video service in Nevada. *See* N.R.S. §§ 711.470 and 711.510.
   e. Defendants are required to pay Plaintiff and each of the other Class members a franchise fee of up to 5% of their gross revenues derived from their operations in each city or county, pursuant to N.R.S. § 711.670; and

  f. Defendants have failed to comply with N.R.S. § 711.670, because they have each failed to pay to Plaintiff and each of the other Class members the required fee of up to 5% of gross revenues.

### VII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in its favor and against Defendants as follows:

  a. Enter an Order certifying the above-defined Class and designating Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

  b. Award all monetary relief to which Plaintiff and the other Class members are entitled, including as set forth in Count I above;

  c. Grant declaratory relief as set forth in Count II above, including ordering Defendants to cure their noncompliance with N.R.S. § 711.670;

  d. Award pre- and post-judgment interest;

  e. Award reasonable attorneys' fees and costs to Plaintiff's counsel; and

  f. Grant such further and other relief as this Court deems appropriate.

### VIII.   JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: September 1, 2020          Respectfully submitted,

/s/ Leonard Stone
_____
Leonard H. Stone
Nevada Bar No. 5791
**SHOOK & STONE, CHTD.**
338 Ryland Street
Reno, Nevada 89501
Tel: 775-323-2200
lstone@shookandstone.com

Adam J. Levitt*
Mark Hamill*
Brittany Hartwig*
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: 312-314-7900
alevitt@dicellolevitt.com
mhamill@dicellolevitt.com
bhartwig@dicellolevitt.com

Austin Tighe*
Michael Angelovich*
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, Texas  78746
Tel: 512-328-5333
atighe@nixlaw.com
mangelovich@nixlaw.com

Peter Schneider*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
3700 Buffalo Speedway, Ste. 1100
Houston, Texas  77098
Tel:  713-338-2560
pschneider@schneiderwallace.com

Todd M. Schneider*
Jason H. Kim*
**SCHNEIDER WALLACE COTTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, California  94608
Tel:  415-421-7100
tschneider@schneiderwallace.com
jkim@schneiderwallace.com

***Counsel for Plaintiff and the Proposed Class***

* *Pro Hac Vice* applications to be filed