Rew R. Goodenow, Nevada Bar No. 3722
Zachary Shea, Nevada Bar No. 15094
Parsons Behle & Latimer
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
RGoodenow@parsonsbehle.com
ZShea@parsonsbehle.com

*Attorneys for Defendant Netflix, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CITY OF RENO, NEVADA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>    Defendants. | Case No. 3:20-cv-00499-MMD-WGC<br><br>Judge: Hon. Miranda M. Du<br><br>Magistrate: Hon. William G. Cobb<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

The Court issues this Stipulated Protective Order Regarding Confidentiality (this "Order") to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information" or "Highly Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information or Highly Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information or Highly Confidential Information (the "Producing Party") and could place that party at a competitive disadvantage;

3. Counsel for the party receiving Confidential Information or Highly Confidential Information ("Receiving Party") are presently without sufficient information to accept the representation(s) made by the Producing Party as to the confidential, proprietary, and/or trade secret nature of such Confidential Information or Highly Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT**:

1. **Scope.** All materials produced or adduced in the course of discovery, regardless of the medium or manner in which they are generated, stored, or maintained, including, but not limited to, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom, (collectively "documents") shall be subject to this Order concerning "Confidential Information" and "Highly Confidential Information" as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by a party or non-party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the Producing Party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. For example only, documents designated Confidential may include, but are not limited to, research, development, product design, financial, technical, marketing, survey, product planning, personal, customer, vendor and/or commercial information not available to the public and information deemed confidential under federal or state law.

3. **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party or non-party based on the belief that the information is so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others; and (iii) its disclosure to existing or potential business competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the designating party or non-party. For example only, Highly Confidential Information may include but is not limited to: (a) business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, subscriptions, production, technology, output, sales, marketing, or distribution practices; (c) research and development information; (d) information that reveals trade secrets; (e) manufacturing know-how or technology; (f) board of directors materials and presentations; (g) customer and vendor information including lists; (h) negotiation strategies; (i) proprietary software, systems, or processes; (j) margin, cost and pricing information; or (k) intellectual property.

4. **Protected Documents.** Documents or discovery responses containing Confidential Information or Highly Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the Producing Party as "Confidential" or "Highly Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to confidential treatment as described below.

5. **Exceptions.** Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that were submitted to any governmental entity without request for confidential treatment.

6. **Challenges by a Party to Designation as Confidential Information or Highly Confidential Information.** At any time after the delivery of Protected Documents, the Receiving Party may challenge the Confidential or Highly Confidential designation of all or any portion

thereof by providing written notice thereof to counsel for the Producing Party. The notice shall identify the document in question and specify in reasonable detail the reason or reasons for the disagreement. Counsel shall confer in good faith in an effort to resolve any dispute regarding the designation in accordance with Local Rules LR 26-6 and LR 1A 1-3(f). If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the Receiving Party shall certify to the Producing Party that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the Receiving Party shall have fourteen (14) days from the date of certification to file a motion that identifies the challenged material and sets forth in detail the basis for the challenge with regard to any Protected Documents in dispute. The Producing Party shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. If the Receiving Party does not timely file a motion challenging the designation, then the Protected Documents in dispute shall retain the Producing Party's designation. All Protected Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7. **Depositions.** Unless all parties agree on the record at the deposition, all deposition testimony taken in this case shall be treated as Highly Confidential Information. The Highly Confidential Information designation shall expire, for any non-designated portions of deposition testimony, in accordance with the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, or in no event later than twenty-eight (28) days after the testimony was given (whichever is greater). A party may serve a Notice of Designation to all parties of record and the court reporter as to specific portions of the testimony that shall remain designated as Confidential Information or Highly Confidential Information before the expiration of this time period. Thereafter only those portions of testimony identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Highly Confidential Information unless otherwise ordered by the Court. Failure to serve a timely

Notice of Designation shall not waive any Confidential Information or Highly Confidential designations of documents used during the deposition.

8. **Confidential Treatment.** Protected Documents and any information contained therein shall not be used or disclosed, shown, disseminated, copied, or in any way communicated by the parties, counsel for the parties, or any other persons, including those identified in Paragraph 9(a) or (b), to anyone for any purpose whatsoever other than this litigation, including any appeal thereof, except as provided for below. In this putative class action, Confidential Information and Highly Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class that includes the putative class member to whom disclosure is sought has been certified.

9. **Protection of Confidential Material – Limited Disclosures.**

(a) **Confidential Information**. Neither the parties nor their respective counsel shall disclose or permit the disclosure of any Confidential Information to any person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including but not limited to in-house counsel, outside counsel, and contract attorneys hired for review purposes;

(2) **Parties.** The parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and Its Personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, including any services or providers required for depositions to be taken remotely;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or their respective counsel to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order and otherwise as not restricted in particular by Paragraph 9(c) hereto. The execution of Attachment A does not negate the protection under Federal Rule of Civil Procedure 26(b)(4)(D) from disclosure of facts known or opinions held by experts retained by the parties specifically in anticipation or preparation for trial and who are not expected to be called as witnesses at trial;

(7) **Witnesses.** During or in preparation for depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge and provided that counsel for the party intending to disclose the information has informed the witness of the terms and restrictions of this order;

(8) **Authors or Recipients.** The author(s) or recipient(s) of the document (not including a person who received the document in the course of litigation);

(9) **Identified Persons.** Any person who is referenced in the document or whose conduct or knowledge is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, disclosure to such person is limited to the portion of the document in which the person or person's conduct or knowledge is identified or referenced, such person has completed the certification contained in Attachment A to this Order, and such disclosure is not restricted by Paragraph 9(c) hereto; and

(10) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(b) **Highly Confidential Information.** Only the following categories of persons may be allowed to review Highly Confidential Information:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the action, including but not limited to in-house litigation counsel for the Defendants who (a) is necessary to the prosecution, defense, or resolution of the Litigation and (b) does not have business responsibilities relating to any Highly Confidential Information outside of his or her role relating to the Litigation, outside counsel, and contract attorneys hired for review purposes;

(2) **Party Designees.** One party representative for each party to be designated by each party to assist that party's counsel in prosecuting or defending this case, but only after such persons have completed the certification contained in Attachment A to this Order and otherwise as not restricted in particular by Paragraph 9(c) hereto;

(3) **The Court and Its Personnel**;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions, including any services or providers required for depositions to be taken remotely;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or their respective counsel to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order and otherwise as not restricted in particular by Paragraph 9(c) hereto. The execution of Attachment A does not negate the protection under Federal Rule of Civil Procedure 26(b)(4)(D) from disclosure of facts known or opinions held by experts retained by the parties specifically in anticipation or preparation for trial and who are not expected to be called as witnesses at trial;

(7) **Witnesses.** Witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge, and

provided that counsel for the party intending to disclose the information has informed the witness of the terms and restrictions of this order, and provided that at least one of the following conditions applies: (i) the witness is currently employed or was employed by the designating party at the time that the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" was created; (ii) the attorney taking the deposition and showing the document designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" represents the designating party; (iii) the witness' name appears on the document as a person who has previously seen or had access to the document or it is otherwise established that the witness has previously seen or had access to the document or knows the information contained in it; or (iv) the designating party has consented on the record at the deposition to showing the witness the document. If the witness meets none of those requirements, the questioning attorney must notify the designating party of the intent to show the document to a witness and provide the designating party with an opportunity to object by motion or telephone call to the Court before disclosure is made or, at trial or pretrial hearings, present a copy of the document at issue to counsel for the designating party prior to use and permit such counsel an opportunity to object to the Court before the document is shown to the witness; and

(8) **Others by Consent.** Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Non-Disclosure to Competitors.** Notwithstanding any other provision herein, including the foregoing subparagraphs of this Paragraph 9, Confidential Information shall not be shared with any competitor of a Defendant (other than any other Defendant to this lawsuit) or anyone who is employed by, works for or is consulting for a competitor of a Defendant (other than any other Defendant to this lawsuit). Highly Confidential Information shall not be shared with any competitor of a Defendant or anyone who is employed by, works for or is consulting for a competitor of a Defendant, with the exception of counsel described in Paragraph 9(b)(1), or unless consented to in writing by the Disclosing Party.

(d) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information and Highly Confidential Information. Counsel shall maintain the copies of Attachment A signed by persons

acknowledging their obligations under this Order for a period of three years after the termination of the case.

10. **Use of Producing Party's Documents**. This Order shall not (a) prevent any Producing Party from using or disclosing its own Confidential Information or Highly Confidential Information as he, she, or it deems appropriate; (b) preclude any party from showing an employee, officer, or consultant of a Producing Party at a deposition of that employee, officer, or consultant any information provided by the Producing Party that produced such information; or (c) preclude or limit any party from the lawful use of any information lawfully obtained from a source other than the Producing Party and without the use of Confidential Information or Highly Confidential Information.

11. **Increasing the Designation of a Party's Materials Produced by Another Party or Non-Party.** A party may increase the confidentiality designation (*i.e.*, change the designation of any discovery material without any designation to a designation of "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," or change material with a designation of "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" to "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY") of protected material produced by any other party or non-party, provided that (a) said material contains the Confidential Information or Highly Confidential Information of the party seeking to increase the confidentiality designation; and (b) the Producing Party was not authorized to receive that information, or received it in circumstances where it had an obligation to protect its confidentiality, including but not limited to obligations imposed by a commercial relationship or by a protective order. Increasing a designation shall be accomplished by providing written notice to all parties identifying (by bates number or other individually identifying information) the material for which the designation is to be increased. Promptly after providing such notice, the party seeking to increase the confidentiality designation shall provide re-labeled copies of the material to each other party, reflecting the change in designation. All parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any party may object

to the increased designation pursuant to the procedures set forth in Paragraph 6 regarding challenging designations.

12. **Unauthorized Disclosure or Use.** The Receiving Party shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information therein. If a party learns that he, she, or it or his, her, or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential Information or Highly Confidential Information in any circumstance not authorized under this Order, that party must within five (5) business days of learning of such disclosure (a) notify the designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected materials disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Attachment A to this Order.

13. **Copies.** The term "copy" as used herein means any electronic image, duplicate, extract, summary, description, photographic, mechanical or computerized copy or reproduction of any document or thing that contains Confidential Information or Highly Confidential Information, or any verbatim transcript, in whole or in part, of such document or thing that contains Confidential Information or Highly Confidential Information.

14. **Use of Protected Documents.** To the extent that Protected Documents or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and trial testimony referring to the Protected Documents or information therein. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information or Highly Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Highly Confidential Information to categories

of persons not identified in Paragraph 9 of this Order. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

15. **Court Reporters.** Any court reporter or transcriber who reports or transcribes testimony in this action, including any services or providers required for depositions to be taken remotely, shall agree that all information designated Confidential Information or Highly Confidential Information under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16. **Non-Parties.** The parties conducting discovery from non-parties shall attach this Order to a copy of any subpoena or discovery request. Non-parties from whom discovery is requested are entitled to the protections of this Order in responding to such subpoenas or requests.

17. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document or deposition transcript as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document or deposition transcript. If a party or non-party designates a document or deposition transcript as Confidential Information or Highly Confidential Information, or changes a designation (*e.g.*, from Confidential to Highly Confidential) after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document or deposition transcript is treated in accordance with its new designation and the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Highly Confidential Information.

18. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation or Investigation.**

(a) If a Receiving Party is served with (1) a subpoena or a court order issued in other litigation, or (2) a formal written request made pursuant to state or federal law or other

PARSONS BEHLE & LATIMER

4838-9761-4832.v1

statutory authority by a state or federal law enforcement or regulatory entity, like a Civil Investigative Demand or its equivalent (a "Government Request"), that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the Receiving Party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena, court order, or Government Request. Such notification must include a copy of the subpoena, court order, or Government Request, and must also include the date set for the production of such subpoenaed information. The subpoenaed party shall not produce any Protected Documents in response to the subpoena without the prior written consent of the Producing Party, unless in response to an order of a court of competent jurisdiction.

        (b)     The Receiving Party also must immediately inform in writing the party who caused the subpoena, court order, or Government Request to issue that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the person or entity that caused the subpoena, court order, or Government Request to issue.

        (c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information by seeking the assistance of this Court and/or the court from which the subpoena or order issued or as part of any governmental investigation. The designating party shall bear its burden and the expense of seeking protection from this Court or any other court or government authority for its Confidential Information or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Highly Confidential Information designated by another party to this case. Any person or party subject to this Order who becomes subject to a motion before another court to disclose another party's Protected Documents

pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. **Order Continues in Force.** After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

20. **Obligations on Conclusion of Litigation.**

(a) **Return or Destruction of Confidential Information or Highly Confidential Information.** Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Confidential Information or Highly Confidential Information shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Confidential Material and certify that fact. The Receiving Party's reasonable efforts shall not require the return or destruction of Confidential Information or Highly Confidential Information from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) archived data with limited end-user accessibility, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Information or Highly Confidential Information, but such retained information shall continue to be treated in accordance with the Order. Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Confidential Information or Highly Confidential Information, provided that such counsel and employees of such counsel shall not disclose such Confidential Information or Highly Confidential Information to any person, except pursuant to court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

(b) **Retention of Work Product and One Set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) copies of all documents filed with the Court including those filed under seal, correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), and expert reports. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

21. **Persons Bound.** This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, other persons or organizations over which they have control, and persons made subject to this Order by its terms.

22. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

23. **Modification.** The Court anticipates and encourages the parties to file a motion to modify the terms hereof as necessary with respect to shifting the cost burden of production equitably and other terms that may be reasonably required to protect a party as provided in Federal Rule of Civil Procedure 26(b) or (c).

Respectfully submitted this 6th day of July, 2021.

**PARSONS BEHLE & LATIMER**

*/s/ Rew R. Goodenow*

Rew R. Goodenow (Nevada Bar No. 3722)
Zachary Shea (Nevada Bar No. 15094)
50 West Liberty Street, Suite 750
Reno, NV 89501
Tel.: (775) 323-1601
Email: rgoodenow@parsonsbehle.com
zshea@parsonsbehle.com

-and-

Jean A. Pawlow (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-3331
Email: jean.pawlow@lw.com

-and-

Mary Rose Alexander (*pro hac vice*)
Robert C. Collins III (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Email: mary.rose.alexander@lw.com
robert.collins@lw.com

*Counsel for Defendant Netflix, Inc.*

| | |
|---|---|
| 1 | **GUILD, GALLAGHER & FULLTER, LTD.** |
| 2 | */s/ Victor Jih* |
| 3 | John K. Gallagher (Nevada Bar No. 956)<br>Patrick H. Gallagher (Nevada Bar No. 14875) |
| 4 | 100 West Liberty Street, Suite 800<br>P.O. Box 2838 |
| 5 | Reno, NV 89505 |
| 6 | Tel: (775) 786-2366<br>Email: jgallagher@ggfltd.com |
| 7 | pgallagher@ggfltd.com |
| 8 | -and- |
| 9 | Victor Jih (*pro hac vice*) |
| 10 | **WILSON SONSINI GOODRICH & ROSATI**<br>Professional Corporation |
| 11 | 633 West Fifth Street, Suite 1550<br>Los Angeles, CA 90071 |
| 12 | Tel: (323) 210-2900<br>Email: vjih@wsgr.com |
| 13 | |
| 14 | *Counsel for Defendant Hulu, LLC* |
| 15 | **SHOOK & STONE, CHTD.** |
| 16 | |
| 17 | */s/ Jason H. Kim*<br>Leonard H. Stone (Nevada Bar No. 5791) |
| 18 | 338 Ryland Street<br>Reno, NV 89501 |
| 19 | Tel: (775) 323-2200<br>Email: lstone@shookandstone.com |
| 20 | |
| 21 | -and- |
| 22 | Adam J. Levitt (*pro hac vice*)<br>Mark Hamill (*pro hac vice*) |
| 23 | Brittany Hartwig (*pro hac vice*)<br>**DiCELLO LEVITT GUTZLER LLC** |
| 24 | Ten North Dearborn Street, Sixth Floor<br>Chicago, IL 60602 |
| 25 | Tel: (312) 314-7900<br>Email: alevitt@dicellolevitt.com |
| 26 | mhamill@dicellolevitt.com<br>bhartwig@dicellolevitt.com |
| 27 | |
| 28 | |

|   |   |
|---|---|
| 1 | -and- |
| 2 | Austin Tighe* |
| 3 | Michael Angelovich* <br> **NIX PATTERSON, LLP** |
| 4 | 3600 North Capital of Texas Highway <br> Building B, Suite 350 |
| 5 | Austin, TX 78746 <br> Tel: (512) 328-5333 |
| 6 | Email: atighe@nixlaw.com <br> mangelovich@nixlaw.com |
| 7 | Peter Schneider (*pro hac vice*) |
| 8 | **SCHNEIDER WALLACE COTRELL KONECKY, LLP** |
| 9 | 3700 Buffalo Speedway, Suite 1100 <br> Houston, TX 77098 |
| 10 | Tel: (713) 338-2560 <br> Email: pschneider@schneiderwallace.com |
| 11 | -and- |
| 12 | Todd M. Schneider* |
| 13 | Jason H. Kim (*pro hac vice*) <br> **SCHNEIDER WALLACE COTRELL** |
| 14 | **KONECKY, LLP** <br> 2000 Powell Street, Suite 1400 |
| 15 | Emeryville, CA 94608 <br> Tel: (415) 421-7100 |
| 16 | Email: tschneider@schneiderwallace.com <br> jkim@schneiderwallace.com |
| 17 |  |
| 18 | *Pro hac vice* applications to be filed <br> *Counsel for Plaintiff City of Reno* |

**ORDER**

Paragraph 19 - Order Continues in Force: The Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

DATED: July 7, 2021.

_____
U.S. MAGISTRATE JUDGE

# ATTACHMENT A

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CITY OF RENO, NEVADA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC., and HULU, LLC,<br><br>Defendants. | Case No. 3:20-cv-00499-MMD-WGC<br><br>Judge: Hon. Miranda M. Du<br><br>Magistrate: Hon. William G. Cobb<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

I hereby acknowledge that I have read the Stipulated Protective Order Regarding Confidentiality dated _____, ____ ("Order") in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms. I submit to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Order and understand that the terms of the Order obligate me to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern.

I certify that I am not engaged in business as or for a competitor of any Defendant (other than any other Defendant to this lawsuit). If, at any time after I execute this Acknowledgement and Agreement to Be Bound and during the pendency of the action, the foregoing certification is or becomes no longer true and accurate, I will promptly inform the attorneys for the party who retained me in this action, and I will not thereafter review any Confidential Information or Highly Confidential Information unless and until the Court in the action orders otherwise. The execution this Acknowledgment And Agreement To Be Bound does not negate the protection under Federal Rule of Civil Procedure 26(b)(4)(D) from disclosure of facts known or opinions held by experts retained by the parties specifically in anticipation or preparation for trial and who are not expected to be called as witnesses at trial.

Parsons
Behle &
Latimer

4838-9761-4832.v1

I acknowledge that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
                                                Signature