Rew R. Goodenow, Nevada Bar No. 3722
Zachary Shea, Nevada Bar No. 15094
Parsons Behle & Latimer
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
Facsimile:  775.348.7250
RGoodenow@parsonsbehle.com
ZShea@parsonsbehle.com

*Attorneys for Defendant Netflix, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CITY OF RENO, NEVADA, individually and on behalf of all others similarly situated, | Case No.  3:20-cv-00499-MMD-WGC |
| Plaintiff, | Judge:  Hon. Miranda M. Du |
| vs. | Magistrate: Hon. William G. Cobb |
| NETFLIX, INC., and HULU, LLC, | **STIPULATED DISCOVERY PROTOCOL AND ORDER** |
| Defendants. | |

WHEREAS, the parties have cooperatively reached agreement on how to conduct discovery, including discovery of electronically stored information ("ESI").

IT IS HEREBY STIPULATED AND AGREED that:

**1.** **Scope of Order.** This Stipulated Discovery Protocol and Order (hereinafter "Discovery Protocol") applies to and governs discovery in the above-captioned action (the "Action") and documents and ESI produced by or obtained from any party or non-party in the course of the Action.

**2.** **Discovery conference.** The parties discussed the parameters of their anticipated discovery at the Fed. R. Civ. P. 26(f) conference, as well as in their Stipulated Discovery Plan and Scheduling Order (Dkt. 41).

**3.** **E-discovery coordinator.** In order to promote communication and cooperation between the parties, each party to a case shall designate an individual or individuals through which all e-discovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless

of whether the e-discovery coordinator(s) is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party, he or she must be:

    **a.**    Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions;

    **b.**    Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues; and

    **c.**    Prepared to participate in e-discovery dispute resolutions.

The Court notes that, at all times, the attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to ensure consistency and thoroughness and, generally, to facilitate the e-discovery process. The ultimate responsibility for complying with e-discovery requests rests on the parties. Fed. R. Civ. P. 37(f).

**4.** **<u>Timing of discovery</u>.** Discovery of relevant documents and ESI shall proceed in a sequenced fashion.

    **a.**    After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility ESI (including, but not limited to, documents created or used by electronic media no longer in use and not reasonably readily accessible, maintained in electronic storage media and not reasonably readily accessible, or for which retrieval involves substantial cost), and produce non-privileged, relevant and responsive ESI in accordance with Fed. R. Civ. P. 26(b)(1) & (b)(2).

    **b.**    Electronic searches of documents or ESI identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

      **c.**     On-site or forensic inspections of electronic storage media under Fed. R. Civ. P. 34(a)(2) and 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

    **5.**    **Search methodology.** If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose, as requested, any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronically stored information as required by Fed. R. Civ. P. 26. The parties shall reach agreement, as requested, as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery coordinators, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement, as requested, as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types, custodians).

    Consistent with the foregoing regarding electronic search, if the parties intend to employ technology assisted review ("TAR") to locate relevant ESI, the parties shall disclose, as requested, any restrictions as to scope and method which might affect their ability to conduct a complete and reliable TAR search of the ESI as required by Fed. R. Civ. P. 26. The parties shall reach agreement, as requested, as to the TAR protocol, including protocols for quality control testing, reporting and remediation, with the assistance of the respective e-discovery coordinators.

    To the extent relevant documents or ESI are preserved on and readily-accessible from a centralized server, network, database or host within the producing party's possession, custody, or control, and responsive, non-privileged documents have been produced therefrom, the producing party shall not be required to search for or produce exact duplicate copies of such relevant documents or ESI that may be located on individual custodian's personal computer or mobile device, or that are otherwise in possession of an individual custodian, absent a showing of good cause that the search for and production of such exact duplicate copies are necessary.

6.      **Format.** Unless otherwise agreed in advance by the parties, ordered by the Court, or as necessary to protect privileged and other information outside the scope of discovery under Fed. R. Civ. P. 26(b)(1), parties shall produce all documents or ESI in the following forms:

> a.      electronic spreadsheets, PowerPoint files, photographs, videos, audio, animations, and similar electronic file-types not amenable to imaging shall be produced in **native** file form with all metadata preserved;

> b.      The parties will meet and confer as necessary regarding the format of production of ESI from a database to ensure it is produced in any reasonably-usable form without undue burden or expense;

> c.      all other documents and ESI shall be produced in single-page **TIFF** (Group IV, 300+ DPI) imaged file form.  Documents containing color may be, but do not need to be, produced in a single-page color JPEG format initially.  If an original document contains color necessary to understand the meaning or content of the document, the producing party shall honor reasonable requests for a color image and/or native file of the document.  Color images should be produced in single-page JPEG format.

The producing party must Bates-label all documents and ESI it produces with a Bates-prefix unique to that party and Bates-number unique to each native file or imaged page produced.  The producing party shall not use the exact name of a party to this litigation in the Bates prefix. The filename for each native file or imaged page in the production shall reflect the assigned Bates-number for that native file or imaged page.  The assigned Bates-label also shall be internally branded in the right footer of each imaged page in a location that does not obscure the document's original content.  Original document orientation shall be maintained (*i.e.*, portrait to portrait and landscape to landscape).  Images shall reflect all data, including track changes, comments, and speaker notes, that would otherwise be visible to the reader using the native software that created the document.

All productions shall include a corresponding metadata load file (to preserve certain metadata extracted during processing and production), image cross-reference load file (to preserve

logical unitization), and extracted text files (to permit searching). Metadata load files shall be produced in Relativity-compatible DAT file format or other reasonably-usable delimited file format containing the following fields and metadata (or their nearest functional equivalents) to the extent available: Begin_Bates, End_Bates, Begin_Attach_Bates, End_Attach_Bates, Custodian, All_Custodians, DateTime_Sent, DateTime_Received, Email_From, Email_To, Email_CC, Email_BCC, Email_Subject, Title, Author, DateTime_Created, DateTime_Modified, File_Name, File_Extension, Folder_Path, File_Size, MD5_Hash, Time_Zone_Field, Native_File_Path, Extracted_Text_Path, Redacted, Confidential_Designation. Image cross-reference load files shall be produced in Opticon (OPT) file format, with the original start and end pages of each document identified. Extracted text files shall be produced in TXT form.

Parent-child relationships of documents (*e.g.*, a parent email and its attachments) shall be preserved in the production, such that a parent document appears in a production with and immediately followed by its children attachments. Any privileged document that might otherwise appear in a production solely by virtue of its attachment to a responsive non-privileged document may, at the producing party's option, be replaced with an imaged placeholder slipsheet stating the reason it was not produced (*e.g.*, "Placeholder: Privileged Document Withheld").

In the interest of efficiency and timeliness, parties may choose to produce only responsive, "inclusive" emails from their email collection. "Inclusive" includes both of the following types of emails: (a) any responsive, last-in-time, email which contains within it the text of all preceding emails from the thread to which it belongs; and (b) any email to which a unique document is attached, though the text in the body of such an email may itself be duplicative of the text in other produced email files.

Parties may redact the following from production: protected personally-identifiable information (*e.g.*, social security numbers and birth dates); information subject to attorney-client privilege, work product doctrine, or other privilege recognized by statute or common-law; and any information excluded from discovery by Court order, Civil Rules, Local Rules, or party agreement. If ESI that would otherwise be produced in native form under this Discovery Protocol (e.g. electronic spreadsheets) requires redaction, the producing party may instead produce the ESI in

PARSONS
BEHLE &
LATIMER
4839-6859-0064.v1

redacted image or near-native form so long as the redacted image or near-native form is reasonably usable. All redactions must be applied in a manner that they are readily-identifiable in the production as redactions. The producing party shall obtain non-redacted OCR text from the redacted image, or otherwise obtain non-redacted extracted text, and provide a link to that material in the Extracted_Text_Path.

To the extent a party seeks to have any ESI produced in a form or with metadata other than as provided in this Discovery Protocol, that party must demonstrate good cause and particularized need for such production. If any ESI cannot be produced in the forms described above or if such production form would impose undue burden or expense, then the parties shall confer and attempt to agree on another reasonably usable form or forms in which to produce that ESI.

7. **Retention.** The parties shall take reasonable and proportionate steps to preserve relevant ESI from permanent deletion or alteration. Notwithstanding any other provisions of this Discovery Protocol, the parties need not preserve, search for, or produce the following categories of ESI: (**a**) any ESI created and last modified before September 24, 2007; (**b**) backup or legacy ESI that is substantially duplicative or cumulative of ESI that can be obtained from another source that is more convenient, less burdensome, or less expensive, and from which responsive, non-privileged information has already been produced; (**c**) "slack," "fragmented," or "unallocated" data on physical storage media, such as hard drives; (**d**) random access memory, temporary files, or other ephemeral ESI that is not preserved in the ordinary course of business and is difficult to preserve without disabling the operating system or electronic device; (**e**) internet browsing history, caches, or cookies; (**f**) phone logs; (**g**) server, system, or network logs that are not preserved in the ordinary course of business; (**h**) data remaining from systems no longer in use that is unintelligible on systems in use; (**i**) mobile or cellular phone or tablet devices or data from such devices; and (**j**) voicemails, instant messages and similar short messaging data that are not preserved in the ordinary course of business.

8. **Privilege.** The production of privileged or work-product protected documents, ESI or other information (hereinafter, "Privileged Material"), whether inadvertent or otherwise, and regardless of the care actually taken to prevent or rectify the disclosure, is not a waiver of the

PARSONS
BEHLE &
LATIMER

4839-6859-0064.v1

privilege or protection from discovery in this case or in any other federal or state proceeding. This Discovery Protocol shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d)-(f), shall supersede the tripartite non-waiver elements of Fed. R. Evid. 502(b), and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Any party or non-party that receives a document or ESI in this Action that, upon review by the receiving party, appears on its face to contain inadvertently disclosed Privileged Material shall immediately notify the party to whom the Privileged Material belongs and sequester, return, or destroy the document or ESI until the privilege or work product claim(s) can be resolved. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) shall apply. However, if for any reason, a Court finds that this Section 8 is inapplicable to Privileged Material, then Fed. R. Evid. 502(b) will apply in its absence.

Consistent with the Federal Rules of Civil Procedure, the parties agree to serve a privilege log providing information regarding all documents withheld or redacted under a claim of privilege and/or work product. The parties will meet and confer regarding the contents and format of the privilege log, and to negotiate a reasonable time within which to exchange privilege logs. To reduce the burdens of logging any information withheld from discovery on privilege or trial preparation grounds as required by Fed. R. Civ. P. 26(b)(5)(A), parties shall not be required to log: **(a)** privileged attorney-client communications between the client and its in-house or litigation counsel on or after September 2, 2020; **(b)** privileged attorney-client communications between the client and its in-house or litigation counsel on or after the filing of and related to the following cases: *City of Creve Coeur, Missouri v. Netflix, Inc., and Hulu, LLC*, St. Louis County Circuit Court case number 18SL-CC02819, *City of Creve Coeur, Missouri v. DIRECTV, LLC, et al.*, St. Louis County Circuit Court case number 18SL-CC02821-01, *City of Creve Coeur, Missouri v. Netflix, Inc., and Hulu, LLC*, United States District Court, Eastern District of Missouri case number 4:18-cv- 01495, *City of Creve Coeur, Missouri v. DIRECTV, LLC, et al.*, United States District Court, Eastern District of Missouri case number 4:18-cv-01453, *City of Fishers, Indiana, City of Indianapolis, Indiana, City of Evansville, Indiana, and City of Valparaiso, Indiana v. Netflix, Inc., Disney DTC*

*LLC, Hulu LLC, DIRECTV, LLC, DISH Network Corp. and DISH Network L.L.C.*, Indiana Commercial Court Case No. 49D01-2008-PL-026436, *City of New Boston, Texas v. Netflix, Inc., and Hulu, LLC*, United States District Court, Eastern District of Texas, case number 5:20-cv-00135, and *City of Maple Heights, Ohio v. Netflix, Inc., and Hulu, LLC*, United States District Court, Northern District of Ohio, case number 1:20-cv-01872; **(c)** communications exchanged with an expert who has been retained or specifically employed by the party or its counsel in anticipation of litigation or to prepare for trial; or **(d)** documents and tangible things prepared by or for a party's attorneys, consultants, sureties, indemnitors, insurers, or agents that qualify as trial preparation materials protected from discovery pursuant to Fed. R. Civ. P. 26(b)(3) or 26(b)(4). In all other circumstances, Fed. R. Civ. P. 26(b)(5)(A) shall apply.

Nothing in this Discovery Protocol shall limit the receiving party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the disclosing party's claim that disclosed information is protected from disclosure by the attorney-client privilege or work product doctrine. Any protected information submitted to the Court, pursuant to Local Rule 26-6 or otherwise, in connection with a challenge to the disclosing party's claim of privilege or work product protection shall not be filed in the public record but rather shall be redacted, filed under seal, or submitted for *in camera* review in accordance with the Court's procedures.

9.  **Confidentiality.** The parties have met and conferred and come to an agreement regarding a protocol that governs the treatment of confidential information exchanged between or among the parties in discovery prior to being filed with or otherwise submitted to the court.

10. **Non-Party Subpoena.** A party that issues a non-party subpoena is responsible for producing any documents obtained under a subpoena to all other parties.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**11.** **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court may apportion the costs of electronic discovery upon a showing of good cause.

Respectfully submitted this 6th day of July, 2021.

PARSONS BEHLE & LATIMER

/s/ *Rew R. Goodenow*

Rew R. Goodenow (Nevada Bar No. 3722)
Zachary Shea (Nevada Bar No. 15094)
50 West Liberty Street, Suite 750
Reno, NV 89501
Tel.: (775) 323-1601
Email: rgoodenow@parsonsbehle.com
         zshea@parsonsbehle.com

-and-

Jean A. Pawlow (pro hac vice)
**LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Tel.:  (202) 637-3331
Email: jean.pawlow@lw.com

-and-

Mary Rose Alexander (pro hac vice)
Robert C. Collins III (pro hac vice)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Email: mary.rose.alexander@lw.com
         robert.collins@lw.com

*Counsel for Defendant Netflix, Inc.*

**GUILD, GALLAGHER & FULLTER, LTD.**

/s/ *Victor Jih*

John K. Gallagher (Nevada Bar No. 956)
Patrick H. Gallagher (Nevada Bar No. 14875)
100 West Liberty Street, Suite 800
Reno, NV 89505
Email: jgallagher@ggfltd.com
         pgallagher@ggfltd.com

-and-

Victor Jih (*pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Tel: (323) 210-2900
Email: vjih@wsgr.com

*Counsel for Defendant Hulu, LLC*

**SHOOK & STONE, CHTD.**

/s/ Jason H. Kim
Leonard H. Stone (Nevada Bar No. 5791)
338 Ryland Street
Reno, NV 89501
Tel: (775) 323-2200
Email: lstone@shookandstone.com

-and-

Adam J. Levitt (*pro hac vice*)
Mark Hamill (*pro hac vice*)
Brittany Hartwig (*pro hac vice*)
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street, Sixth Floor
Chicago, IL 60602
Tel: (312) 314-7900
Email: alevitt@dicellolevitt.com
        mhamill@dicellolevitt.com
        bhartwig@dicellolevitt.com

-and-

Austin Tighe*
Michael Angelovich*
**NIX PATTERSON, LLP**
3600 North Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Email: atighe@nixlaw.com
        mangelovich@nixlaw.com

-and-

Peter Schneider (*pro hac vice*)
**SCHNEIDER WALLACE COTRELL KONECKY, LLP**
3700 Buffalo Speedway, Suite 1100
Houston, TX 77098
Tel: (713) 338-2560
Email: pschneider@schneiderwallace.com

-and-

Todd M. Schneider*
Jason H. Kim (*pro hac vice*)
**SCHNEIDER WALLACE COTRELL KONECKY, LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (415) 421-7100
Email: tschneider@schneiderwallace.com
        jkim@schneiderwallace.com

*Pro hac vice* applications to be filed
*Counsel for Plaintiff City of Reno*

IT IS SO ORDERED.

DATED: July 7, 2021

_____
UNITED STATES MAGISTRATE JUDGE

PARSONS
BEHLE &
LATIMER

4839-6859-0064.v1